WALTER R. CANNON, ESQ.
Nevada Bar No. 1505
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
OLSON, CANNON, GORMLEY
& DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Email: tdillard@ocgd.com
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TILTWARE LLC, | CASE NO. 2:cv-10-0025 |
| Plaintiff, | |
| vs. | |
| CYCALONA GOWEN, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Defendant. | |

Plaintiff TILTWARE LLC ("Tiltware") hereby institutes this Complaint for Declaratory Judgment against Defendant Cycalona Gowen ("Gowen"), and alleges as follows:

### INTRODUCTION

1.      This is an action pursuant to 28 U.S.C. §2201 by Tiltware to declare the rights and legal relations of the parties in connection with a purported oral contract under which Gowen claims she is entitled to a 1% ownership interest in Tiltware (hereinafter "the alleged Agreement") and based on which Gowen has instituted a related case before this Court, Case No.: 2:08-CV-01581-RCJ-RJJ.

2.      This Court previously dismissed Gowen's First Amended Complaint and Second Amended Complaint in the related proceeding for failure to state claims upon which relief could be granted. *See* relevant Orders of Judge Robert C. Jones dated May 19, 2009, and September

29, 2009. Gowen's Third-Amended Complaint is currently before this Court. A hearing is scheduled for February 1, 2010, at which time this Court will rule on Tiltware's Motion to Dismiss Gowen's Third-Amended Complaint.

## PARTIES

3.     Tiltware is a limited liability company organized under the laws of the State of California, with its principal place of business in the State of California. Tiltware is a software and licensing company, which develops and provides exclusive software, development, and consulting services to Full Tilt Poker, a virtual online poker card room with the following web addresses: www.fulltiltpoker.com and www.fulltiltpoker.net.

4.     Gowen is a citizen of the State of Texas. Upon information and belief, Gowen also maintains a residence in Las Vegas, Nevada. She is a professional poker player who regularly makes television appearances and participates in professional poker tournaments in such locations as Las Vegas, Nevada. She is one of several professional poker players who have played poker on the Full Tilt Poker websites in an effort to encourage potential players to join the virtual online poker card rooms.

## JURISDICTION AND VENUE

4.     Jurisdiction in this Court exists pursuant to 28 U.S.C. §1332 as the action is between citizens of different states and the amount in controversy exceeds $75,000.

5.     Venue is appropriate in this district pursuant to 28 U.S.C. §1391(a)(2) and (3) in that Gowen is subject to personal jurisdiction in this district, and a substantial part of the events or omissions giving rise to the instant claim occurred in this district.

## FACTUAL ALLEGATIONS

6.     On or about November 14, 2008, Gowen instituted a Complaint in this Court, Case No.: 2:08-CV-01581-RCJ-RJJ, against Tiltware, among others, arising out of what she claims was an oral contract entered into by the parties in March 2004, which entitled her to a 1% ownership interest in Tiltware and Full Tilt Poker in exchange for Gowen's agreement to be a celebrity representative for the Full Tilt Poker brand. The gravamen of Gowen's Complaint against Tiltware is that Tiltware allegedly breached its oral contract with Gowen by failing to pay

her distribution payments based on her 1% ownership interest, even though Gowen claims that she complied with the alleged Agreement and that other members of what was known as Team Full Tilt who entered into similar contracts received their distribution payments.

7. Gowen's Complaint, as stated, lacked the essential elements of a breach of contract claim in that it did not allege the level of detail required to put Tiltware on notice of Gowen's claims, including, but not limited to, the nature and duration of the expected performance under the alleged Agreement.

8. An actual and justiciable controversy exists between Gowen and Tiltware as to the terms of the alleged Agreement and the legal rights and remedies of the parties thereunder.

9. On or about February 20, 2009, Gowen filed a First-Amended Complaint against Tiltware, among others, in which she re-alleges her breach of contract claim. Although the allegations contained in the breach of contract cause of action remained the same, there were factual differences in the First-Amended Complaint—notably, additional allegations regarding purported conversations with Tiltware representatives who agreed to prepare a contract memorializing the alleged Agreement. Yet no written contract was produced to support Gowen's claims.

10. On or about May 18, 2009, this Court held a motions hearing to determine whether Plaintiff's First-Amended Complaint was subject to dismissal per the motion to dismiss filed by Tiltware. Finding that Gowen had not alleged the terms of the alleged Agreement with specificity to put Tiltware on notice of her breach of contract claim against Tiltware, this Court dismissed Gowen's First-Amended Complaint with leave to amend. See May 19, 2009 Order at 6. Specifically, this Court found that Gowen had not alleged "what actions she was required to perform to successfully function as a celebrity representative." *Id.* To state a cause of action for breach of contract, this Court instructed Gowen to allege

(1) the nature of the 1% ownership interest owed to her, namely in which exact companies or affiliates she would have a 1% ownership interest;

(2) whether the 1% ownership interest reached other entities that were to be formed at a future date; or

(3) how or when Tiltware would be required to pay her the 1% ownership interest. *Id.*

11. On or about June 2, 2009, Gowen filed her Second-Amended Complaint, once again re-alleging her breach of contract claim against Tiltware. Like its predecessor, the Second-Amended Complaint contained factual differences from the Complaint Gowen originally instituted against Tiltware. Of note were the following allegations:

- "In March 2004, the parties entered into the Agreement wherein Plaintiff was to receive a 1% ownership interest in Full Tilt Poker in exchange for, among other things, Plaintiff, 1) to permit Full Tilt Poker to use her name, image, and likeness on Full Tilt Poker's websites representing that she was a member of the Full Tilt Team ("Team Full Tilt"), 2) to permit Full Tilt Poker to use her name, image, and likeness on commercials, radio, and print ads being featured as an elite member of Team Full Tilt, and 3) to compete and wear merchandise on behalf of Full Tilt Poker in the World Series of Poker 2004 taking place at Binion's Horseshoe in Las Vegas, Nevada from April 22 through May 28, 2004 ("May 2004 Poker Series")." Pl. Second-Amended Compl. at ¶ 102.

- "The Agreement's terms also included that a written contract memorializing the Agreement's terms would be given to Plaintiff when she arrived for the May 2004 Poker Series." *Id.* at ¶ 106.

12. Despite the addition of these factual allegations, this Court found that Gowen still did not fully explain the nature of the 1% ownership interest in the detail required in this Court's May 19, 2009 Order and dismissed Gowen's Second-Amended with "one last chance" to amend her Complaint. *See* Transcripts of September 29, 2009 Motions Hearing at 30. According to this Court, "[t]he amended answer is insufficient. It doesn't contain enough facts, which is all that's required to allege a cause of action for contract." *Id.* at 24. Additionally, although Gowen claimed that the alleged Agreement provided for a written contract memorializing its terms, Plaintiff once again failed to produce a copy of such a contract. There is no evidence that such a contract exists, and Tiltware believes that it, in fact, never existed. Indeed, this Court found that there was no definite contract, noting: "If you had a definite contract, you'd tell me what it was." *Id.* at 5.

4

13. On or about October 29, 2009, Gowen filed her Third-Amended Complaint. Gowen's so-called amendments to her Complaint, however, are nothing more than a reiteration of her previous claims, with the added exception of a few artfully placed paragraphs. Consequently, Plaintiff's Third-Amended Complaint essentially mirrors her Second-Amended Complaint, which this Court already deemed inadequate. Accordingly, Gowen's Third-Amended Complaint suffers from the same infirmities as her previous Complaints. The duration of the alleged Agreement and the expectations for performance under the alleged Agreement remain uncertain. Gowen has still not answered the questions outlined in the Court's May 19, 2009 Order with respect to her breach of contract claim. Recognizing the apparent futility in additional attempts to amend her Complaint, this Court has already denied Gowen leave to amend her Third-Amended Complaint. A determination of whether Gowen's Third-Amended Complaint survives a motion to dismiss will be made by this Court on Feburary 1, 2010.

14. It is not enough that Gowen and her counsel has burdened this Court four times with similar versions of the same deficient Complaint, but in an obvious attempt at forum shopping, Gowen's counsel has instituted two complaints in state court with the same trumped up allegations.

15. The first state court case instituted by Gowen's case was filed on or about September 11, 2009, on behalf of Jason Newitt, a former Tiltware employee who claims he is entitled to a 0.0499% ownership interest in Tiltware and Full Tilt Poker. Mr. Newitt claims that he received "distribution" payments during the course of his employment with Tiltware. Unlike Gowen, Mr. Newitt claims that his purported agreement with Tiltware and Full Tilt Poker was memorialized in writing. Notwithstanding, he failed to produce the alleged written agreement to support his claims. His case is currently pending before Judge Mark Denton in District Court for Clark County, Nevada, Case No. A599072. A hearing has been set for January 11, 2009 to determine whether Mr. Newitt's Complaint is subject to dismissal.

16. The second case instituted by Gowen's counsel was filed on behalf of Hilton Warmback, another former employee of Tiltware who claims he is entitled to a 0.0143% ownership interest in the company in exchange for his employment services. He claims that he received "distribution" payments during the course of his employment with Tiltware. Although, like Mr. Newitt, Mr. Warmback's employment was terminated, he nevertheless claims that his ownership interest continued post employment. His Complaint is also currently pending in District Court for Clark County, Nevada before Judge Doug Smith, Case No. A599072.

17. Both state court Complaints suffer from the same infirmities identified by this Court in its May 19, 2009. The nature and duration of the expected performance under the purported contracts is unclear. Additionally, neither Plaintiff has produced a copy of a written contract memorializing the terms of the alleged agreements, despite claiming that such a contract exists.

18. Although these three cases are not identical, an important commonality exists among them—that is, the same set of facts creates the basis for each of the Plaintiffs' breach of contract claims. Each Complaint is based on a purported agreement entitling each Plaintiff to an ownership interest in Tiltware and Full Tilt Poker; each complaint fails to set forth the nature and duration of that purported agreement; and each complaint fails to specify the nature of the services rendered on behalf of the companies in exchange for this purported ownership interest. As this Court has found, on more than one occasion, this set of facts is insufficient to put Tiltware on notice of the Plaintiffs' breach of contract claims against it. Without further elaboration as to the nature and terms of the purported agreements, each of these Complaints is subject to dismissal per the reasoning set forth by this Court in its May 19, 2009 Order.

19. Based on the foregoing, Tiltware is entitled to a declaration that Gowen does not have an ownership interest in Tiltware or Full Tilt Poker. This Court should declare that, without alleging the terms of the purported contract entitling her to an ownership interest in these

6

companies with the specificity required by this Court in its May 19, 2009 Order, or without producing a written contract that memorializes the specific terms of a purported contract, Gowen is estopped and precluded from litigating a breach of contract claim against Tiltware.

20.    A declaratory judgment will settle the ultimate controversy and legal relations at issue between the parties in determining that there was no viable contract entitling Gowen to an ownership interest in these companies. *See Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*, 873 F.2d 229, 231 (9th Cir. 1989). The judgment will appropriately terminate and afford relief from uncertainty, insecurity, and controversy giving rise the proceeding. *See Id.* A declaratory judgment will also help to avoid multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring the rights and obligations of Tiltware with respect to similar claims instituted by others alleging an ownership interest in these companies, the nature and duration of which is uncertain, in exchange for unspecified services rendered on behalf of the companies. *See* May 19, 2009 Order ("In order for there to an exist an actual case or controversy under the Declaratory Judgment Act, the plaintiff must assert a real and reasonable apprehension that he will be subject to liability as a result of defendant's actions. (citing *Spokane Indian Tribe v. United States*, 972 F.2d 1090 (9th Cir. 2002)).

WHEREFORE, Tiltware requests that this Court

A. Declare that Gowen does not have an ownership interest in Tiltware or Full Tilt Poker and similarly-styled Complaints are insufficient to establish an ownership interest in these companies;

B. Preclude Gowen from further litigating the related proceeding, Case No.: 2:08-CV-01581-RCJ-RJJ, or any derivation thereof;

C. Award Tiltware its costs, disbursements, attorneys' fees, and expenses incurred herein; and

D.  Award such other and further relief as the Court may deem proper.

DATED this ___ day of January, 2010.

>OLSON, CANNON, GORMLEY
>& DESRUISSEAUX
>
>
>_____
>WALTER R. CANNON, ESQ.
>(Nevada Bar No. 1505)
>THOMAS D. DILLARD, JR., ESQ.
>(Nevada Bar No. 6270)
>9950 West Cheyenne Avenue
>Las Vegas, Nevada 89129
>tdillard@rocgd.com
>Telephone: (702) 384-4012
>Facsimile: (702) 383-0701
>
>Counsel for Plaintiff, Tiltware LLC

8

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I am an employee of OLSON, CANNON, GORMLEY & DESRUISSEAUX, and that on the ___8___ day of January, 2010, I deposited for mailing, with first class postage affixed thereto, a true and correct copy of the foregoing **COMPLAINT FOR DECLARATORY JUDGMENT** addressed as follows:

James A. Kohl, Esq.
Shelley Lanzkowsky, Esq.
Robert L. Rosenthal, Esq.
Glenn E. Wichinsky, Esq.
HOWARD & HOWARD
3800 Howard Hughes Pkwy
Suite 1400
Las Vegas, Nevada 89169
Phone: 257-1483
Fax: 567-1568
Attorneys for Plaintiff

_____
An employee of OLSON, CANNON,
GORMLEY & DESRUISSEAUX